```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

CYNTHIA S. MCKAY                                          PLAINTIFFS

VERSUS                            CIVIL ACTION NO. 5:05cv80-DCB-JMR

MIKE JOHANNS, SECRETARY OF THE
UNITED STATES DEPARTMENT OF
AGRICULTURE, AND
NICK WALTERS, STATE DIRECTOR OF
THE UNITED STATES DEPARTMENT OF
AGRICULTURE, RURAL DEVELOPMENT                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Mike Johann's Motion to Dismiss or in the Alternative Motion for Summary Judgment [**docket entry no. 18**]. Having reviewed the motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

Cynthia S. McKay is, and has been during all relevant times, a GS-5 Property Clerk at the United States Department of Agriculture Rural Development Office in Jackson, Mississippi. (Compl. 2; Mem. Auth. Mot. Summ. J. 2.)  McKay suffers from a speech impediment, hearing impairment, and learning disorder. Id. On or about June 19, 2003, McKay was moved from one workstation within the Jackson office to another workstation, approximately ten feet away.  Aggrieved of her relocation, McKay filed a complaint with the EEOC on August 14, 2004 claiming employment discrimination

based upon her speech, hearing, and learning disabilities. Plaintiff's EEOC complaint was dismissed by the administrative judge, and McKay appealed to the EEOC Office of Federal Operation. (Mem. Auth. Summ. J. 3.)  On February 25, 2005, the Office of Federal Operation affirmed the administrative judge's dismissal and issued McKay a right to sue letter.  Id.

On May 23, 2006, Plaintiff timely filed this action alleging employment discrimination under 29 U.S.C. § 501 in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791 and the Americans with Disabilities Act.[1]  (Compl. 3.)  McKay named both Mike Johanns, Secretary of the United States Department of Agriculture, and Nick Walters, State Director of the USDA, as defendants.  (Compl. 1.) On June 15, 2006, Mike Johanns filed this Motion to Dismiss or in the Alternative Motion for Summary Judgment.  Defendants claim that McKay cannot make a prima facie case of discrimination because she (1) did not suffer an adverse employment action, and (2) cannot prove that any alleged adverse employment action was solely the result of disability discrimination.  (Mem. Auth. Mot. Summ. J. 8-12.)  The Court views this motion as one for summary judgment.

### DISCUSSION

**I.   Standard for Summary Judgment**

---

[1] While the Americans with Disabilities Act and Rehabilitation Act are similar, there are subtle differences.  As such, since McKay is a federal employee of the executive branch, she is only entitled to the protection of the Rehabilitation Act.  See Rivera v. Heyman, 157 F.3d 101, 103-04 (2d Cir. 1998).

A motion for summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).[2]

If the moving party sustains its burden, the burden shifts to the nonmoving party to show with "significant probative evidence" that a genuine issue as to a material fact actually exists. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994). To overcome summary judgment, the nonmoving party must do more than simply rely on the pleadings or merely rest "upon conclusory allegations, improbable inferences, and unsupported speculation." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1449 (5th Cir. 1993). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

---

[2]A contested fact is "material" when it has the potential to change the outcome of the case. Ginsburg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue is "genuine" if "the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Id.

The non-movant must "designate specific facts showing the existence of a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250. "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." <u>Id</u>. at 252. Moreover, the nonmoving party must make a showing sufficient to establish the existence of an essential element of its case, an element on which it will bear the burden of proof at trial. <u>Celotex</u>, 477 U.S. at 322.

In light of the facts presented by the nonmoving party, along with any undisputed facts, this Court must decide whether the moving party is entitled to judgment as a matter of law. When deciding a motion for summary judgment, the evidence submitted by the nonmoving party is presumed valid, and all reasonable inferences that may be drawn from that evidence must be drawn in favor of the party opposing summary judgment. <u>Anderson</u>, 477 U.S. at 255. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." <u>Kennett-Murray Corp. v. Bone</u>, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the nonmovant will prevail at trial. <u>National Screen Serv. Corp. v. Poster Exchange, Inc.</u>, 305 F.2d 647, 651 (5th Cir. 1962). By contrast, summary judgment for the moving party is only proper when a rational jury, looking at the record as

a whole, could not find for the nonmoving party. <u>Matshushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

**II. Plaintiff's Claim under the Rehabilitation Act of 1973**

The Rehabilitation Act of 1973 encourages the federal government's executive branch to employ individuals with disabilities and prohibits the executive branch from discriminating against the disabled.  29 U.S.C. § 791 <u>et seq.</u>  To establish a prima facie case of discrimination under the Rehabilitation Act, the plaintiff must show "(1) that she has a disability; (2) she is an individual qualified for the job in question; (3) an adverse employment decision was made [solely] because of this disability; and (4) she . . . was treated less favorably than non-disabled employees." <u>Thibodeaux v. City of Opelousas</u>, 250 F.3d 740, 740 (5th Cir. 2001).  The plaintiff bears the burden of proving that the adverse employment decision was "*solely* by reason of" her disability. <u>Soledad v. U.S. Dep't of Treasury</u>, 304 F.3d 500, 504 (5th Cir. 2002); <u>see</u> <u>also</u> <u>Woodford v. England</u>, 166 Fed. Appx. 726, 727 (5th Cir. 2006).

The Court will first consider whether the plaintiff suffered an adverse employment action.  McKay's sole adverse employment action claim is her relocation from one workstation to a less favorable workstation.  Plaintiff does not allege demotion, reduction of pay, or loss of responsibility; rather, McKay

complains that her new workstation is inconvenient, cramped, and farther away from her files. (Mem. Auth. Opp. Mot. Summ. J. 1-4.)

In the Fifth Circuit, only unfavorable "ultimate employment decisions" meet the Rehabilitation Act's standard of adverse employment action. Osborne v. Elmer, 328 F. Supp. 2d 620, 625 (M.D. La. 2004). Ultimate employment decisions include decisions such as hiring, discharging, compensating, granting leave, and promoting. Mattern v. Eastman Kodak Co., 104 F.3d 702, 708 (5th Cir. 1997); see also Harper v. Jackson Muni. Sch. Dist., 149 Fed. Appx. 295, 303 (5th Cir. 2005). "As a general rule, employment actions are not adverse where pay, benefits, and responsibilit[ies] remain the same." Richardson v. Monitronics Int'l, Inc., 2004 WL 287730, at *5 (N.D. Tex. Jan. 27, 2004) (citing Watts v. Kroger Co., 170 F.3d 505, 512 (5th Cir. 1999)).

In Hamlett v. Gonzalez, 2005 WL 1500819 (N.D. Tex. Jan. 15, 2005), the plaintiff complained that she was "given a less desirable office because of [her] gender." 2005 WL 1500819, at *15. Hamlett, who was an Assistant United States Attorney at the time she filed her complaint, disapproved of her newly assigned office because it was farther away from the library, legal secretary, photocopier, and printer. Id. She also complained that her new office neighbors were loud and disturbed her work. Id. The district court granted summary judgment to the defendant and held that "under Fifth Circuit precedent, assignment to a 'less

desirable office' does not constitute an adverse employment action." Id. (citing Wooten v. St. Francis Med. Ctr., 108 Fed. Appx. 888, 891 (5th Cir. 2004) (holding that required temporary move from a cubicle to a storage closet did not constitute an adverse employment action)). See also Ryburn v. Potter, 155 Fed. Appx. 102, 107-08 (5th Cir. 2005) (holding that postal employee's transfer from one mail sorting machine to another did not amount to adverse employment action); Reiter v. Metro. Trans. Auth., 224 F.R.D. 157, 169 (S.D.N.Y. 2004) (stating that loss of desirable office space does not constitute adverse employment action).

McKay's claim, much like Hamlett's, is one premised on the inconvenience of a new workstation. While this inconvenience may be real, it does not satisfy the Fifth Circuit's adverse employment action requirement. As such, McKay fails to make a prima facie case of discrimination under the Rehabilitation Act. Where a plaintiff fails to prove an essential element of her case, summary judgment is appropriate. See Celotex, 477 U.S. at 322. The Court does not reach the defendant's other argument for summary judgment.

## CONCLUSION

Since Plaintiff has not suffered an adverse employment action, she cannot make a prima facie case of employment discrimination under the Rehabilitation Act. Accordingly,

IT IS HEREBY ORDERED that the defendant's Motions to Dismiss

or in the Alternative Motion for Summary Judgment [**docket entry no. 18**] is **GRANTED**.

        SO ORDERED, this the 28th day of August, 2006.

        S/DAVID BRAMLETTE
        UNITED STATES DISTRICT JUDGE